IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELLE ROBERTSON,

        Plaintiff,

v.

WKRP MANAGEMENT, LLC

        Defendant.

Civil Case No.:  6:13-CV-01309-EFM-KGS

**ANSWER AND NOTICE OF AFFIRMATIVE DEFENSES**

Defendant WKRP Management, LLC ("WKRP") answers the petition/complaint of Plaintiff Michelle Robertson ("Robertson") and states as follows:

1.    WKRP is without information or knowledge sufficient to form a belief as to Robertson's current residence or state of citizenship.   WKRP admits only that, at the time WKRP last employed Robertson in 2012, she resided in Kansas.

2.    WKRP admits paragraph 2.

3.    WKRP is without information or knowledge sufficient to form a belief as to the meaning of the phrase "at all times relevant to the allegations in this Petition" because it is not defined.   WKRP admits that it has more than 15 employees.   WKRP states that the remaining allegations are legal conclusions to which no response is required.   WKRP denies each other allegation of paragraph 3.

4.    WKRP admits only that, because Robertson has alleged violations of federal laws, Robertson's claims are subject to the jurisdiction of the United States District Court for the District of Kansas.   WKRP further states that Robertson's employment and claims are subject to an arbitration agreement.

5.  WKRP admits only that a copy of a May 24, 2013 Dismissal and Notice of Rights letter is Attached as Exhibit A in which the EEOC determined that, based on its investigation, there was no evidence which established a violation of law.  WKRP further states that the Kansas Human Rights Commission also issued a no probable cause determination. WKRP admits only that Robertson filed a Petition in Reno County, Kansas within ninety days of the May 24, 2013 dismissal letter.   WKRP denies that Robertson exhausted administrative remedies and denies each other allegation of paragraph 5.

6.  WKRP is without information sufficient to form a belief as to the meaning of "at all relevant times" because it is not defined and further states that paragraph 6 contains legal conclusions to which no response is required.

7.  WKRP admits that it owns and operates a restaurant at 930 E. 30th Street in Hutchinson, Kansas.  WKRP is without information or knowledge sufficient to form a belief as to the meaning of the phrase "at all relevant times" because it is not defined and, therefore, denies each other allegation of paragraph 7.

8.  WKRP denies that it hired Robertson on January 9, 2012.  WKRP admits only that, on or about January 30, 2012, WKRP hired Robertson to work at the Hutchinson restaurant as a shift manager at the rate of $8.65 per hour.   WKRP admits that Chris Cadle became the Restaurant General Manager at the Hutchinson restaurant in May 2012.   WKRP denies each other allegation of paragraph 8.

9.  WKRP admits only that during her job interview and prior to being hired, Robertson voluntarily informed Ms. Osner that she had overcome cancer which was in remission. WKRP denies each other allegation of paragraph 9.

10. WKRP is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10 and, therefore, denies paragraph 10.

11. WKRP is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 11 and, therefore, denies paragraph 11.

12. WKRP denies that Robertson properly performed her job and denies paragraph 12.

13. WKRP denies that Robertson is qualified to work as a shift manager for WKRP. Among other things, Robertson falsified her employment application, an employee complained about her conduct, and WKRP concluded that Robertson was dishonest during an investigation of the complaint. WKRP admits that it is not aware of any physical reason that Robertson could not perform the essential functions of her position and further states that Robertson claims she was, in fact, able to physically perform her job functions. WKRP denies each other allegation of paragraph 13.

14. WKRP admits only that it employed Robertson as a shift manager. WKRP denies each other allegation of paragraph 14.

15. WKRP admits only that Cadle became Restaurant General Manager in May 2012. WKRP denies that a promotion was available to an "assistant store manager position" and further states that no one was promoted to an assistant store manager position during or after Robertson's employment at the Hutchinson restaurant.

16. WKRP denies paragraph 16.

17. WKRP denies paragraph 17. WKRP further states that, in June 2012, Robertson asked that she be allowed to work a reduced schedule of one day per week because she accepted employment with another employer.

18.    WKRP admits only that Roberton performed payroll on occasion.   WKRP denies that this is an "assistant store manager duty."    WKRP does not employ assistant store managers at the Hutchinson restaurant.   WKRP denies each other allegation of paragraph 18.

19.    WKRP denies paragraph 19.

20.    WKRP denies paragraph 20.

21.    WRKP denies paragraph 21.   WKRP is without information or knowledge sufficient to form a basis as to the alleged lyrics and denies each other allegation of paragraph 21.

22.    WKRP denies paragraph 22.   WKRP further states that, as a shift manager, Robertson was responsible for complying with WKRP's comprehensive policy which prohibits discrimination, harassment and retaliation and that Robertson could have taken action to enforce WKRP's policy.

23.    WKRP denies paragraph 23.

24.    WKRP denies paragraph 24.

25.    WKRP denies paragraph 25.

26.    WKRP denies paragraph 26.

27.    WKRP denies paragraph 27.

28.    WKRP admits only that Cadle was promoted from shift manager to Restaurant General Manager in May 2012.   WKRP denies that there was any promotion available to an assistant manager position.   WKRP denies each other allegation of paragraph 28.

29.    WKRP admits only that Robertson expressed interest in working as a manager.   WKRP denies that there was an available assistant manager position or Restaurant General Manager position at the restaurant.  WKRP denies each other allegation of paragraph 29.

30.   WKRP denies paragraph 30.

31.   WKRP denies paragraph 31.

32.   WKRP denies paragraph 32.

33.   WKRP admits only that, during its investigation, Robertson told the Company that an employee had presented her a doctor's note that excused him from work.  WKRP denies that the note allowed the employee to return to work the following day and denies each other allegation of paragraph 33.   The employee's note provided he was able to return after October 28, 2012.

34.   WKRP admits only that an employee advised Robertson of his medical condition and that the employee thereafter complained about Robertson gossiping about his medical condition to other employees, prompting WKRP to conduct an investigation of the issue.  WKRP denies each other allegation of paragraph 34.

35.   WKRP admits only that Robertson was suspended pending investigation based on an employee complaint about her conduct.   WKRP denies each other allegation of paragraph 35.

36.   WKRP admits only that Robertson was asked to meet with Jen Osner and was asked to provide a statement and that Robertson provided a statement.   WKRP denies each other allegation of paragraph 37.

37.   WKRP admits only that Robertson was suspended pending the conclusion and outcome of its investigation regarding an employee complaint about her conduct.

38.   WKRP admits that it terminated Robertson's employment on October 3, 2012 for dishonesty during the investigation of an employee's complaint about her conduct.

WKRP further states that it also terminated the employment of another employee as a result of its investigation.

39. WKRP denies paragraph 39.

40. WKRP denies paragraph 40.

41. WKRP denies paragraph 41 and denies that Robertson is entitled to any of the relief sought in the Complaint.

## **AFFIRMATIVE DEFENSES**

1. WKRP denies each and every allegation, title, count, claim and prayer of the Complaint which is not expressly admitted.

2. Robertson's claims are subject to a valid and enforceable arbitration agreement. This action should be dismissed and/or stayed, and Plaintiff should be compelled to arbitrate her claims pursuant to her Agreement to Arbitrate. The arbitration issue will be addressed by separate motion in the event the parties do not voluntarily submit the claims to arbitration.

3. Robertson's factual assertions are without evidentiary support, are not made in good faith, are malicious, false, frivolous, made in bad faith and warrant the imposition of sanctions against Plaintiff Michelle Robertson.

4. Robertson's claims for relief are barred, in whole or in part, by the after-acquired evidence doctrine because Robertson falsified the employment application she submitted to WKRP in order to obtain employment.

5. Robertson is not entitled to the relief requested as a matter of fact or law.

6. Robertson has failed to state a claim upon which relief can be granted and has failed to state a claim for wrongful discharge. Robertson did not engage in any protected activity that forms the basis for a wrongful discharge claim under Kansas law.

7.     WKRP is entitled to judgment on all claims of Robertson because there was lawful justification for all actions that are challenged by Robertson as unlawful, including Robertson's refusal to perform her duties satisfactorily, her conduct and statements during a Company investigation, WKRP's desire to manage its business operations and communicate with Robertson as part of the management of its business, and the monitoring and enforcement of policy.

8.     WKRP exercised reasonable care and diligence and Robertson unreasonably failed to take advantage of the preventative and corrective opportunities provided by WKRP to report, prevent, correct, or avoid any alleged discrimination or harassment and otherwise to avoid harm.  WKRP maintains a policy that prohibits harassment, discrimination and retaliation and provided a complaint procedure for Robertson to follow.  Robertson did not report any complaints of unlawful discrimination, harassment, or retaliation during her employment with WKRP.

9.     Robertson is barred from asserting any claim that she did not assert in her administrative complaint filed in November 2012 because she has not provided proper notice or exhausted her administrative remedies.

10.    Robertson's claim for disability discrimination is barred, in whole or in part, to the extent Plaintiff is not disabled, is not a qualified individual with a disability, and because Plaintiff was not regarded as disabled.

11.     Robertson has been properly paid all wages owed by WKRP under all applicable laws.

12.    Robertson's claims are barred in part by the Portal-to-Portal Act, because all actions taken in connection with Robertson's compensation were done in good faith in

conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, administrative practices, and/or enforcement policies of the Wage and Hour Division of the U.S. Department of Labor.

13.    Robertson's claims are barred, in whole or in part, by the doctrines of estoppel and unclean hands because of Robertson's improper conduct.

14.    Robertson's claims for punitive damages is barred, in whole or in part, because of Defendant's good faith efforts to comply with applicable laws, including maintaining appropriate employment policies with a complaint procedure.

15.    Robertson's claim for punitive damages are barred by the United States Constitution and the Kansas Constitution because the asserted standard for entitlement to punitive damages is vague and arbitrary and the procedure for the assessment of punitive damages violates WKRP's rights to due process of law, to equal protection of law, to the right to be free from unlawful taking of property, to be free from excessive fines and all other substantive and procedural protection of the constitution applicable to punitive damages

16.    WKRP reserves the right to assert each and every other affirmative defense which is identified during further proceedings between the parties.

WHEREFORE, Defendant requests that the Court enter judgment in its favor on each and every count, claim, and prayer and for its costs, its reasonable attorney's fees, and such other relief as the Court deems just and proper, including the imposition of sanctions against Plaintiff Michelle Robertson.

Respectfully submitted,

/s/ *Gregory D. Ballew*

Gregory D. Ballew (KS # 17214)
Jessica Huynh (pro hac vice)
FISHER & PHILLIPS LLP
4900 Main Street, Suite 650
Kansas City, Missouri 64112
TEL: (816) 842-8770
FAX: (816) 842-8767
Email: gballew@laborlawyers.com

COUNSEL FOR DEFENDANT, WKRP
MANAGEMENT, LLC

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 12th day of September 2013, a true and correct copy of the foregoing **ANSWER AND NOTICE OF AFFIRMATIVE DEFENSES** was filed using the Court's CM/ECF system and was served via U.S. Mail, postage prepaid, to the following:

Donald N. Peterson, II
Sean M. McGivern
WITHERS, GOUGH, PIKE, PFAFF & PETERSON, LLC
O.W. Garvey Building
200 W. Douglas, Suite 1010
Wichita, KS 67202
Tel.:  (316) 267-1562
Fax:  (316) 303-1018
*Attorneys for Plaintiff*

By:    /s/ *Gregory D. Ballew*

COUNSEL FOR DEFENDANT, WKRP
MANAGEMENT, LLC